Morgan, J.
In March, 1862, Mrs. Edwards, as tutrix to her then minor children, issue of her marriage with William Edwards, deceased, represented to the court of their domicile that when her husband died he left debts amounting to over sixty thousand dollars. She prayed to be allowed to mortgage the minors; interest in the succession of their father for an amount sufficient to discharge this indebtedness, and that a family meeting be convened for tire purpose of giving their advice regarding her petition.
The family meeting was ordered, and, after deliberation, they recommended that the tutrix be empowered to mortgage the interest of the minors in the property belonging to the succession of their father, or any part thereof which she might see fit, and for such sum as might be necessary to discharge the indebtedness up to the amount stated in her petition.
The deliberations of the family meeting were approved, and on the seventh April, 1862, she executed several promissory notes amounting to fifty thousand dollars, to secure the payment of which, she mortgaged property belonging to the succession of her deceased husband. She was joined in the act of mortgage by Mrs. Eliza L. Edwards, wife of William A. Seay, assisted by her husband and Laura Jane Edwards, wife of John Bemiss, authorized by her husband, heirs of age *303 and equal in interest with the minors in the succession of their father, William Edwards.
The plaintiff owes six of the notes given by the tutrix, amounting to $27,000, exclusive of interest.
He instituted suit against the tutrix personally, and as representing those of her children, who were minors when the suit was brought, and the majors, who joined in the act of mortgage, asking that judgment be rendered against them for the amount of the notes sued on, and that he be decreed to have a lien and privilege on the property mortgaged.
Judgment was at first rendered as prayed for on the eighteenth September, 1866, but it appearing that some of the heirs who were minors when the mortgage was created had become majors before the judgment was rendered, a new trial was granted; the heirs who had come of age were cited, and on the fifteenth May, 1867, judgment was finally rendered against all the parties to the amount of his or her liability, as heir directly or by representation in the succession of William Edwards.
H. L. Edwards, one of the heirs, a minor when the judgment was rendered, but now a major, appeals from this judgment. His right to do so, at this time, is not denied.
We are asked to dismiss his appeal upon the grounds that all the joint obligors of the appellant have not been cited and made parties to th,e appeal.
If the appellant was a joint obligor the motion would prevail, under the authority of 3 R. 142; 5 R. 225; 5 An. 174. But he is not a joint obligor. His liability is as heir of his father, and his liability is fixed by his interest in his father’s succession. Each one of the heirs was bound for his virile portion of that debt; no judgment rendered against one of the heirs could affect either of the coheirs. Either of the heirs could have been sued for his share of the debt in a distinct suit, and neither heir could have been called upon to pay his coheir any part of the judgment rendered against him. In this view of the case the appellant’s concernment is only with the plaintiff, and the only question which we will have to determine will be, was the judgment, as against the appellant, properly rendered?
When the father of the appellant died he was largely in debt. The representative of his succession, in order to pay off this indebtedness, was authorized by the judge, on the recommendation of a family meeting, to borrow a sufficient sum to discharge this indebtedness. Hence the notes now sued on. This was not the creation of a debt. It was the- acknowledgment of one, and providing means to pay it; all of which was done in the interest of the heirs.
*304 Counsel for appellant contends that if the minors are bound at all upon these notes, it is a qualified and limited liability, extending only to the value of the succession property. This is true. And he says that “ any judgment which goes beyond, as in this instance, and condemns the minors absolutely for the full amount of the notes, is contrary to law, and should be reversed.” If this were the fact, the judgment would, in part, at least, be erroneous. But we do not so read it. The judgment is “against each of the above named defendants to the amount of his libility as heir to the parties aforesaid.” The appellant’s liability, therefore, is fixed by his interest in his father’s succession. To the extent of that interest the judgment binds him, but to nothing more.
Judgment affirmed.